UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Edward H. Saunders, Jr.<br><br>    Plaintiff,<br><br>v.<br><br>Federal Bureau of Prisons; Kathleen Hawk-Sawyer, Director; Harrell Watts, National Inmate Grievance Coordinator; Ray Holt, Southeast Regional Director; Donald A. McKelvy; Mickey E. Ray; J. Serrano; J. Shim; L, Guevara; J Geer; G. Loranth; Daniel Richardson; Manny Coll; Lawrence E. Green; A. Roger Lamb; Brennan Mitchell; J. Montolia,<br><br>    Defendants. | C/A No. 4:05-cv-00767-GRA-TER<br><br>**ORDER**<br>(Written Opinion) |

  This matter is before the Court for a review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed January 26, 2007. Plaintiff claims that the defendants intentionally violated his civil and constitutional rights, pursuant to 42 U.S.C. §§ 1983 and 1988 by refusing to allow Plaintiff to seek appropriate medical treatment while at FCI-Edgefield. Plaintiff further alleges the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and violated his First Amendment rights to petition the government. The magistrate has correctly construed Plaintiff's claims pursuant to *Bivens v. Six Unknown Federal Agents*, 403

1

U.S. 388 (1971). The magistrate recommends granting Defendants' motion for summary judgment and denying Plaintiff's motion for summary judgment. The magistrate further recommends denying Plaintiff's motion for entry of default.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984);

*Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff did not file objections to the Report and Recommendation.[1]

The magistrate's Report and Recommendation does not adequately address Plaintiff's claims against Defendants Montolia, McKelvy, Shim, Coll, Mitchell, Green, and Richardson. Plaintiff's original complaint raised seven separate claims against Defendants related to his incarceration at USP Atlanta, USP Coleman, USP Lee, and FCI Edgefield. On March 11, 2005, the United States District Court of the Western District of Virginia issued an order severing the claims and transferring each claim to the district in which it arose. Plaintiff's Claim 5, which arose from medical treatment Plaintiff received while incarcerated at FCI Edgefield, was transferred to this Court. In an Order dated April 12, 2005, the magistrate advised Plaintiff to refile his complaint as to only the defendants involved in Claim #5. Instead, Plaintiff refiled the

---

[1] On February 16, 2007, this Court granted Plaintiff an additional twenty days to file objections to the magistrate's Report and Recommendation. With the extension, Plaintiff had until March 8, 2007, to file objections. As of March 22, 2007, the date of this Order, Plaintiff has filed no objections.

3

complaint and again listed all of the defendants named in his original complaint, many of whom were not parties to the claim arising at FCI Edgefield. After reviewing Plaintiffs' complaint against Defendants Montolia, McKelvy, Shim, Coll, Mitchell, Green, and Richardson, the Court finds it has no jurisdiction over these Defendants, as none are located with the District of South Carolina and none were involved in the claim arising during Plaintiff's incarceration at FCI Edgefield. Therefore, these Defendants are hereby DISMISSED, *sua sponte*, by the Court.

After a review of the magistrate's Report and Recommendation as it relates to the remaining Defendants, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment is GRANTED as to all remaining Defendants.[2] Plaintiff's motion for summary judgment is DENIED. IT IS FURTHER ORDERED that Plaintiff's motion for entry of default is also DENIED.

IT IS SO ORDERED.

[SIGNATURE PAGE TO FOLLOW]

---

[2] The remaining Defendants include Defendants Federal Bureau of Prisons, Kathleen Hawk-Sawyer, Harrell Watts, Ray Holt, Mickey Ray, Jose Serrano, L. Guevara, G. Victor Loranth, J. Geer, and A. Roger Lamb.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

March 22, 2007

Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.